UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

UNITED STATES OF AMERICA,

- against -

HU JI, et al.,

                      Defendants.
----------------------------------------------------------x

Filed with Classified
Information Security Officer
CISO
Date 11/29/2022

**MEMORANDUM & ORDER**
21-CR-265 (PKC) (RER)

PAMELA K. CHEN, United States District Judge:

      Defendants Michael McMahon, Zheng Congying, and Zhu Yong (also known as "Jason Zhu") currently await trial on charges of interstate stalking, acting as an agent of a foreign government without prior notification to the Attorney General, and conspiracy to commit these substantive acts, in connection with a campaign directed by officials of the People's Republic of China ("China" or "PRC") to pressure certain Chinese nationals living in the United States to repatriate to China. Currently before the Court is the Government's motion for a protective order pursuant to both the Classified Information Procedures Act ("CIPA"), 18 U.S.C. app. 3, § 4, and Federal Rule of Criminal Procedure 16(d)(1) ("Section 4 motion").

      Due to the highly sensitive nature of these materials, the Court permitted the Government to file its submission *ex parte* and under seal. The Court has reviewed the proposed materials *in camera*, and held an *ex parte* conference with the Government to discuss its submission on June 9, 2022.[1] The Court also held three separate *ex parte* discussions with counsel for Defendants McMahon, Zheng, and Zhu.

---

[1] As discussed *infra*, at the Court's direction, the Government also filed a letter under seal and *ex parte* on August 5, 2022, responding to certain questions posed by the Court during the June 9 *ex parte* conference. *See* Notice of August 5, 2022 Filing, Dkt. 150.

Based upon the Government's submissions and for the reasons set forth below, the Court grants the Government's Section 4 motion, with the modifications specifically noted herein.

## BACKGROUND

The Court assumes the parties' familiarity with the underlying facts of this case, and only recites those facts necessary to decide the pending motion.

On July 21, 2021, the Government filed a Superseding (S-1) Indictment against Defendants Hu Ji, Li Minjun, Tu Lan, Zhu Feng (also known as "Johnny Zhu"), Kuang Zebin (also known as "Vincent Kuang"), Michael McMahon, Zhai Yongqiang, Zheng Congying, and Zhu Yong (also known as "Jason Zhu"). (*See* Superseding (S-1) Indictment, Dkt. 76.)[2] All nine defendants were charged with: conspiracy to act as illegal agents of a foreign government, in violation of 18 U.S.C. § 371 (Count One), and a substantive count of acting as illegal agents of a foreign government, in violation of 18 U.S.C. § 951(a)(2) (Count Two) (collectively, "foreign agent charges"); and conspiracy to engage in interstate stalking, in violation of 18 U.S.C. § 371 (Count Three). All defendants except for Zhai were also charged with a substantive count of interstate stalking, in violation of 18 U.S.C. § 2261A(1)(B) (Count Four). (*Id.* at 21–22.)[3]

Defendant Kuang was arraigned on July 30, 2021, and pled not guilty to all counts with which he was charged. (7/30/2021 Minute Entry.) Defendants McMahon and Zheng were arraigned on September 27, 2021, and entered not guilty pleas to all counts with which they were charged. (9/27/2021 Minute Entry.) Defendant Zhu Yong was arraigned on September 29, 2021, and also pled not guilty to all counts with which he was charged. (9/29/2021 Minute

---

[2] The Court assumes that Defendants are named in the Superseding Indictment consistently with the Chinese convention of the person's last name preceding their first name.

[3] Defendants Tu and Zhu Feng were also charged with obstruction of justice and conspiracy to obstruct justice in violation of 18 U.S.C. §§ 1512(c)(2) and 1512(k) (Counts Five and Six, respectively). (*Id.* at 21–22.)

Entry.) Although arrest warrants have been issued for the other defendants in this case, no other defendant has been returned on arrest warrant to date.

The Court set a deadline for the Government to file any protective motions pursuant to Section 4 of CIPA by January 14, 2022. (*See* 11/22/2021 Minute Entry.) The Court granted the Government two extensions to file its CIPA Section 4 Motion. (*See* 12/28/2021 Order; 2/17/2022 Order.) On March 11, 2022, the Government filed the instant motion for a protective order pursuant to Section 4 of CIPA. 18 U.S.C. app. 3. (*See* Dkt. 126.)

On March 15, 2022, the Government informed the Court that Defendant Kuang intended to plead guilty. (Dkt. 128.) Defendant Kuang pled guilty to Count 3 of the Superseding Indictment on March 29, 2022. (3/29/2022 Minute Entry.)

On June 2, 2022 and June 29, 2022, the Court held separate, *ex parte* conferences with counsel for Defendants McMahon, Zhu Yong, and Zheng to discuss each defendant's anticipated theories of defense at trial.[4] (6/2/2022 Minute Entries; 6/29/2022 Minute Entry.) The Court also held an *ex parte* classified conference with the Government regarding its CIPA Section 4 application. (*See* 6/9/2022 Minute Entry.)

### CIPA's Legal Framework

Congress passed CIPA to "establish[] procedures for handling classified information in criminal cases." *United States v. Stewart*, 590 F.3d 92, 130 (2d Cir. 2009). The purpose of CIPA is to "protect and restrict the discovery of classified information in a way that does not impair the defendant's right to a fair trial." *United States v. Aref*, 533 F.3d 72, 78 (2d Cir. 2008) (alterations and citations omitted); *see also United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996) (the purpose of CIPA is to "establish procedures to harmonize a defendant's right to obtain

---

[4] Defendant Zhu was present with his attorney for his June 2 *ex parte* conference with the Court. (*See* 6/2/2022 Minute Entry.)

3

█████████████████████████████████████

and present exculpatory material upon his trial and the government's right to protect classified material in the national interest" (citations omitted)).

Section 4 of CIPA governs the process for discovery of classified information by criminal defendants. This section of the statute "provides that, if the discovery to be provided to the defense pursuant to the Federal Rules of Criminal Procedure includes classified information, the district court may, 'upon a sufficient showing, . . . authorize the United States to delete specified items of classified information [from documents to be made available to the defendant through discovery,] . . . to substitute a summary of the information[,] . . . or to substitute a statement admitting relevant facts that the classified information would tend to prove.'" *In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.2d 93, 116 (2d Cir. 2008) (quoting 18 U.S.C. app. 3, § 4). Section 4 "clarifies district courts' power under Federal Rule of Criminal Procedure 16(d)(1) to issue protective orders denying or restricting discovery for good cause," which includes "protection of information vital to the national security." *Aref*, 533 F.3d at 78.

Furthermore, CIPA does not itself create a government privilege against the disclosure of classified information, but rather presupposes a government privilege against disclosing classified information. *See Stewart*, 590 F.3d at 130. Under Second Circuit precedent, the privilege that CIPA is meant to protect is the state-secrets privilege. *Aref*, 533 F.3d at 79 (explaining that the Government's ability to withhold classified information is "most likely" derived from the "common-law privilege against disclosure of state secrets").

When considering a Section 4 motion, district courts engage in a multi-step process. The Court "must first decide whether the classified information the Government possesses is discoverable" under *Brady v. Maryland*, 373 U.S. 83 (1963) or Rule 16 of the Federal Rules of Criminal Procedure. *United States v. Muhanad Mahmoud Al Farekh*, No. 15-CR-268 (BMC),

4

█████████████████████████████████████

2016 WL 4444778, at *2 (E.D.N.Y. Aug. 23, 2016) (citing *Aref*, 533 F.3d at 80); *see also United States v. Abu-Jihaad*, 630 F.3d 102, 141-42 (2d Cir. 2010). Importantly, as a procedural statute, CIPA "does not alter the existing standards for determining relevance or admissibility" of evidence. *United States v. Hossain*, No. 19-CR-606 (SHS), 2021 WL 4272827, at *6 (S.D.N.Y. Sept. 21, 2021) (citations omitted). Therefore, a district court considering a CIPA Section 4 motion may "prohibit the disclosure of classified information under the 'generally applicable evidentiary rules of admissibility.'" *Id.* (quoting *United States v. Wilson*, 750 F.2d 7, 9 (2d Cir. 1984)).

Next, if the classified information is discoverable, the district court must determine whether the state-secrets privilege applies because "(1) there is a reasonable danger that compulsion of the evidence will expose . . . matters which, in the interest of national security, should not be divulged," and "(2) the privilege is lodged by the head of the department which has control over the matter, after actual personal consideration by that officer." *Aref*, 533 F.3d at 80 (quoting *United States v. Reynolds*, 345 U.S. 1, 8, 10 (1953) (ellipsis in original)).

If the Court determines that the classified information is discoverable and covered by the state-secrets privilege, the Court must then determine "whether the [classified] information is helpful or material to the defense," that is, whether it is useful "to counter the government's case or to bolster a defense." *Id.* (citations omitted). In order to determine whether this information is helpful or material to the defense, district courts in this Circuit often meet *ex parte* with defense counsel to hear their theories of defense before resolving a CIPA Section 4 motion. *See, e.g., United States v. Muhanad Mahmoud Al-Farkeh*, 956 F.3d 99, 109 (2d Cir. 2020) (noting the district court "properly exercised its authority under CIPA" by meeting *ex parte* with defense counsel so that counsel could present defendant's theory of the case and potential defenses).

"Whether evidence is 'helpful' or 'material to the defense' is [a determination that falls] within the district court's discretion." *Aref*, 533 F.3d at 80 (citing *DiBlasio v. Keane*, 932 F.2d 1038, 1042 (2d Cir. 1991)).

Finally, if the classified information is determined to be "helpful or material to the defense," the district court "may permit the government to produce that information in a form that will preserve its sensitivity (*e.g.*, redacted, summaries, [or] factual stipulations)." *United States v. Hasbajrami*, No. 11-CR-623 (DLI), 2017 WL 3610595, at *5 (E.D.N.Y. Apr. 6, 2017). If a court "finds that the [substituted] statement or summary will provide the defendant with substantially the same ability to make his defense as would disclosure of specific classified information," it must grant the Government's motion for substitution. *In re Terrorist Bombings*, 552 F.3d at 116 (quoting 18 U.S.C. app. 3, § 6(c)(1)). Moreover, a district court can authorize the deletion of the classified information from the set of documents that will be made available to a criminal defendant through discovery where the defendant already "ha[s] knowledge and/or possession of much of the information," rendering production of the classified information at issue "duplicative." *See Abu-Jihaad*, 630 F.3d at 142.

## DISCUSSION

**CLASSIFIED INFORMATION REDACTED**

**CLASSIFIED INFORMATION REDACTED**

(U) After reviewing the Government's submissions, the Court held an *ex parte* classified conference with the Government. (6/13/2022 Minute Entry.) During that conference, the Court asked the Government to provide additional information with respect to its motion and proposed summary substitutions. On August, 5, 2022, the Government submitted a letter in response to the Court's questions from the conference. (*See* Notice of August 5, 2022 Filing, Dkt. 150.)[6]

**CLASSIFIED INFORMATION REDACTED**

(U) The Court turns next to the discussion of the adequacy of the proposed substitutions.

**CLASSIFIED INFORMATION REDACTED**

CLASSIFIED INFORMATION REDACTED

## CONCLUSION

For the reasons stated herein, the Court grants the Government's motion for a protective order pursuant to Section 4 of CIPA. The Government shall produce the classified summary substitution to the appropriate defense counsel, consistent with this opinion. The Government will otherwise respond within thirty (30) days regarding the production of the classified summary substitution to the additional defense counsel, as discussed herein.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: November 30, 2022
      Brooklyn, New York